UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Pasquale S. Politano,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Building Technology Engineers, Inc.** )<br>**and National Conference of Firemen** )<br>**and Oilers, SEIU, Local Union No. 3** )<br>**of Boston,** )<br>)<br>**Defendants.** )<br>_____ ) | C.A. No. 05-11109-WGY<br>(Vincent F. O'Rourke, Jr. BBO # 380335) |

## ANSWER TO COMPLAINT

Defendant **Building Technology Engineers, Inc.** ("BTE") answers, or otherwise responds to, the allegations set forth in each of the numbered paragraphs of the Complaint as follows:

1. BTE admits the factual allegations of the first three sentences of paragraph 1. As to the fourth sentence of paragraph 1, BTE admits that plaintiff's duties included monitoring HVAC systems and denies the other allegations of the fourth sentence.

2. As to the first sentence of paragraph 2, BTE admits that plaintiff was a member of Local Union No. 3 at the time here pertinent and states that it lacks sufficient knowledge to admit or deny the remaining allegations of this sentence. BTE admits the allegations of the second and third sentences of paragraph 2.

3. BTE admits the factual allegations of paragraph 3.

4.	As to the first sentence of paragraph 4, BTE denies that the collective bargaining agreement ("CBA") was signed on April 19, 2004, but admits that it was made retroactively effective to that date and admits the other allegations of the first sentence of paragraph 4. As to the second sentence of paragraph 4, admits that Exhibit A includes portions of the CBA, but denies that Exhibit A includes all parts of the CBA which may be pertinent or that all parts of Exhibit A are pertinent.

5.	As to the first sentence of paragraph 5, BTE states that it is merely a description of the nature of plaintiff's action as to which responsive pleading is not required. To the extent an answer may be required, BTE denies the allegations of the first sentence of paragraph 5. BTE admits the allegations of the second sentence of paragraph 5.

6.	BTE admits that venue is appropriate in this Court as to both Defendants, but denies that such venue as to BTE is predicated upon 28 U.S.C. §§ 1391(a) or 1392(b) as alleged in paragraph 6.

7.	BTE admits the factual allegations of paragraph 7.

8.	As to the first sentence of paragraph 8, BTE admits that Plaintiff was employed by it for about 19 years at the Prudential Center complex, but denies all other allegations in the first sentence. BTE denies the allegation of the second sentence of paragraph 8. As to the third sentence of paragraph 8, BTE states that it lacks information sufficient to enable it to admit or deny the allegation set forth therein. BTE admits the factual allegations of the fourth sentence of paragraph 8.

9.	As to the first sentence of paragraph 9, BTE denies that Plaintiff was falsely accused by Kenneth Stack as alleged, but admits that on August 10, 2004, Kenneth Stack advised Plaintiff that he had been accused of wrongful conduct in connection with Prudential Center's

tenant, Krispy Kreme Donuts, and that the matter was being investigated. As to the second sentence of paragraph 9, BTE admits that the accusation alleged therein was the information provided to Mr. Stack by managers of Boston Properties and Janitronics and relayed by Mr. Stack to Plaintiff. BTE admits the allegations of the third sentence of paragraph 9. As to the fourth sentence of paragraph 9, BTE admits that the accusation alleged therein was the information provided to Mr. Stack by managers of Boston Properties and Janitronics and relayed by him to Plaintiff. As to the fifth sentence of paragraph 9, BTE admits that Exhibit B is a copy of the August 12, 2004, letter from Mr. Stack to Plaintiff explaining the accusations against him, what the investigation revealed about Plaintiff's misconduct as of that date, and placing him on suspension pending completion of the investigation.

10. As to the first sentence of paragraph 10, BTE admits that Stack had been assigned to be site manager of the Prudential Center complex in about December of 2003 and denies the other allegations of the first sentence of paragraph 10. BTE denies the allegations of the second and third sentences of paragraph 10.

11. As to the first sentence of paragraph 11, BTE admits that on or about August 17, 2004, Stack advised Plaintiff that the customer had requested his removal from the Prudential Center and denies the other allegations of the first sentence. As to the second sentence of paragraph 11, BTE admits that Boston Properties asked Mr. Stack to remove Plaintiff from his employment at the Prudential Center. As to the third sentence of paragraph 11, BTE admits that the request to remove Plaintiff was made orally to Mr. Stack by Boston Properties and denies all other allegations of this sentence.

12. As to the first sentence of paragraph 12, BTE states that it lacks sufficient information to admit or deny the allegations set forth therein, except that it denies that its action

violated Article XVI of the Agreement with the Union. As to the second sentence of paragraph 12, BTE admits that the Union filed a grievance on Plaintiff's behalf and otherwise states that it lacks sufficient information to admit or deny the other allegations set forth therein. As to the third sentence of paragraph 12, BTE states that it lacks sufficient information to admit or deny what Plaintiff was told by Local 3's assistant business manager; admits that, although Plaintiff's misconduct was a terminable offense, he was removed from the position at the Prudential Center at the customer's request; that in such status, he was placed on the "lay-off" list as no other position was available; and denies all other allegations in the third sentence. BTE denies the allegations of the fourth, fifth and sixth sentences of paragraph 12, except, as to the fourth sentence, BTE admits that under the Agreement, an employee may be transferred without his approval if a customer requests his removal from the site.

13. As to the first sentence of paragraph 13, BTE admits that positions for maintenance technicians became available in various locations during the time frame alleged, but denies the other allegations of the first sentence. BTE denies the allegations of the second sentence of paragraph 13. As to the third sentence of paragraph 13, BTE admits that Mr. Politano was interviewed, but not hired, for two positions--one in November 2004 and one in December 2004; that he was contacted about other positions, but he lacked the required license to be interviewed for them or did not respond; and denies the other allegations of this sentence. As to the fourth sentence of paragraph 13, BTE states that it lacks sufficient information to enable it to admit or deny the allegation set forth therein. As to the fifth sentence of paragraph 13, BTE admits that Plaintiff was not hired for the positions for which he interviewed, but denies the other allegations of this sentence.

14. BTE denies the allegations of paragraph 14.

15. BTE denies the allegations of paragraph 15.

16. BTE denies the allegations of paragraph 16.

17. In answer to paragraph 17, BTE restates and incorporates by reference its answers to paragraphs 1 through 16 of the Complaint.

18. BTE admits the allegations of the first two sentences of paragraph 18, except that the date of the grievance is August 25, 2004. As to the third sentence of paragraph 18, BTE admits that the Union sent a letter requesting a copy of Mr. Politano's personnel file and states that it lacks sufficient information to admit or deny the other allegations of this sentence. BTE denies the allegations of the fourth sentence of paragraph 18.

19. BTE admits the allegations of the first four sentences of paragraph 19, except denies that Michael McGloin was the President of Emcor, Inc., denies that Emcor, Inc. is the direct parent of BTE, and states that it lacks sufficient information to admit or deny the date upon which it is alleged that the step 3 hearing took place. As to the fifth and sixth sentences of paragraph 19, regardless of what the Union's assistant business representative said or did not say, BTE denies that the customer's request to remove Plaintiff from its building was in any way inconsistent with its alleged recent commendation of Plaintiff; denies that there was any past practice that such a customer request was required to be in writing; and denies that BTE was blackballing Plaintiff from reassignment for fabricated reasons.

20. BTE denies the allegations of paragraph 20.

21. As to the first sentence of paragraph 21, BTE admits that there were job openings at several of its sites, including the World Trade Center, but denies the other allegations of this sentence. As to the second sentence of paragraph 21, BTE admits that Plaintiff applied for jobs and was interviewed for two of them and was not hired, but denies the inference that he was

qualified for such jobs. As to the third and fourth sentences of paragraph 21, BTE states that it lacks sufficient information to admit or deny the allegations contained therein.

22.  BTE denies the allegations of paragraph 22.

23.  BTE states that it lacks sufficient information to admit or deny the allegations contained in paragraph 23.

24.  BTE states that it lacks sufficient information to admit or deny the allegations contained in paragraph 24, but denies that the step 3 grievance remains unresolved.

25.  BTE denies the allegations of paragraph 25.

26.  BTE admits the allegations of the first sentence of paragraph 26. As to the second sentence of paragraph 26, BTE admits that the scope of the Union's duty of fair representation is defined by applicable case law and denies the other allegations of the second sentence of paragraph 26.

27.  BTE denies the allegations of paragraph 27.

28.  BTE denies the allegations of paragraph 28.

## PRAYER FOR RELIEF

With respect to paragraphs 1 through 6 of the Prayer for Relief, BTE denies any allegations contained therein and denies that Plaintiff is entitled to any of the relief therein requested.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 301 of the LMRA, 29 U.S.C. § 185(a), or any other federal, state or local law, statute, or common law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for, and is not entitled to, any of the damages or other relief he seeks, including, but not limited to, any claim for compensatory or emotional distress damages.

## THIRD AFFIRMATIVE DEFENSE

Defendant BTE alleges on information and belief that if Plaintiff has suffered any damages by reason of the activities alleged in Plaintiff's Complaint, he has failed to take action, or has taken insufficient action, to mitigate those damages. Consequently, any damages suffered by Plaintiff must be reduced in an amount by which Plaintiff could have mitigated those damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred to the extent they relate to alleged acts or omissions occurring more six months prior to the date his Complaint was filed.

## FIFTH AFFIRMATIVE DEFENSE

Any claim which Plaintiff is asserting regarding not being rehired is barred by his failure to exhaust the contractual grievance procedure and by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Any claim which Plaintiff is asserting regarding not being rehired is barred because hiring decisions are the exclusive province of BTE under the Management Rights Clause of the collective bargaining agreement and are not covered by the Grievance and Arbitration provisions of such agreement.

WHEREFORE, Defendant BTE respectfully requests that this Court dismiss the action in its entirely, with prejudice, and award Defendant BTE the reasonable costs, including its attorney's fees, which it expended in defending this action.

Dated:  July 20, 2005

                                  BUILDING TECHNOLOGY ENGINEERS, INC.

                                  Respectfully submitted,

                                  */s/ V. F. O'Rourke*
                                  Vincent F. O'Rourke, Jr. BBO# 380335
                                  Bowditch & Dewey, LLP
                                  311 Main Street, P.O. Box 15156
                                  Worcester, MA 01615-0156
                                  508- 926-3424

Of Counsel:

Gerald S. Hartman D.C. Bar No. 168484
Gregory W. Homer D.C. Bar No. 291922
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, DC  20005
202-842-8800