## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| PASQUALE S. POLITANO, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-11109-WGY |
| ) | |
| BUILDING TECHNOLOGY ENGINEERS,) | |
| INC. and NATIONAL CONFERENCE OF ) | |
| FIREMEN AND OILERS, SEIU, LOCAL ) | |
| UNION NO. 3 OF BOSTON, ) | |
| Defendants ) | |
| ) | |

_____

## ANSWER OF DEFENDANT FIREMEN AND OILERS LOCAL 3, NCFO, SEIU, AFL-CIO

Defendant Firemen and Oilers Local 3, NCFO, SEIU, AFL-CIO (hereinafter "Union" or "Local 3") answers the Complaint as follows:

1.     The Union lacks sufficient knowledge to admit or deny the allegation.

2.     Admitted.

3.     The Union lacks sufficient knowledge to admit or deny the allegation.

4.     Admitted.

5.     The Union neither admits nor denies the allegation as it calls for a conclusion of law.

6.     The Union neither admits nor denies the allegation as it calls for a conclusion of law.

7.     The Union lacks sufficient knowledge to admit or deny the allegation.

8.     The Union lacks sufficient knowledge to admit or deny the allegation.

9.      The Union lacks sufficient knowledge to admit or deny the allegation.

10.     The Union lacks sufficient knowledge to admit or deny the allegation..

11.     The Union lacks sufficient knowledge to admit or deny the allegation.

12.     The Union admits that the Plaintiff contacted Local 3, notified the assistant business agent that he had been discharged from his employment with Building Technology Engineers, Inc. (hereinafter "BTE"), and requested that Local 3 file a grievance on his behalf. The Union admits that Local 3's assistant business manager subsequently informed Plaintiff that he was considered "laid off" by BTE.  The Union neither admits nor denies the remaining allegations as they call for conclusions of law.

13.     The Union denies that Plaintiff located available positions with little or no assistance from Local 3.  The Union lacks sufficient knowledge to admit or deny the remaining allegations.

14.     The Union neither admits nor denies the allegation as it calls for a conclusion of law.

15.     The Union neither admits nor denies the allegation as it calls for a conclusion of law.

16.     The Union neither admits nor denies the allegation as it calls for a conclusion of law and because the Union lacks sufficient knowledge to admit or deny the allegation.

17.     The Union incorporates by reference each and every allegation contained in its answers to paragraphs 1-16 inclusive.

18.     The Union denies that on August 24, 2004, it filed a written grievance on behalf of Plaintiff pursuant to Article XVIII of the collective bargaining agreement and further states that it filed such a grievance on August 25, 2004.  The Union admits that it sent a letter to BTE

requesting information regarding Plaintiff's termination or layoff including any requests for Plaintiff's removal from the Prudential Complex by the customer, Boston Properties, Inc. The Union admits that BTE failed to provide documentation of the customer's purported request, and further states that BTE communicated to Local 3 that it was not in possession of any such documentation.

19. The Union admits that Plaintiff's grievance was denied by BTE at the Step 1 and Step 2 levels; that a Step 3 hearing took place on October 12, 2004 at BTE's offices at 306 Northern Avenue; that Michael McGloin, President of Emcor, Inc., BTE's parent company, and site manager Kenneth Stack represented BTE; and that BTE's representatives stated that Boston Properties, Inc. had requested that Plaintiff be removed from the site. The Union denies the remaining allegations.

20. Admitted.

21. The Union admits that Local 3's assistant business representative informed Plaintiff that the assistant business representative's calls to BTE inquiring as to why Plaintiff was not hired were not returned. The Union lacks sufficient knowledge to admit or deny the remaining allegations.

22. The Union lacks sufficient knowledge to admit or deny the allegation.

23. Admitted.

24. The Union admits that Plaintiff was informed that arbitration would require the approval of Local 3's executive board, and that Plaintiff met with the executive board at Local 3's union hall on March 2, 2005, explained his situation, and requested that the executive board authorize arbitration. The Union denies that Plaintiff was informed he would receive a written notice of the board's determination. The Union denies that plaintiff heard nothing from the

executive board in more than two months.  The Union admits that the Step 3 grievance remains

unresolved. The Union denies that it is taking no action to process Plaintiff's grievance.  The

Union admits receiving a letter from Plaintiff dated April 15 demanding that Local 3 commence

arbitration.  The Union admits that on May 11, 2005, Local 3's business agent informed Plaintiff

in writing that the executive board had decided not to arbitrate Plaintiff's grievance because he

"did not have a likelihood of success at arbitration," and further states that Local 3's business

agent had previously informed Plaintiff of this decision over the telephone within one week after

the March 2, 2004 executive board meeting.

     25.     The Union neither admits nor denies the allegation as it calls for a conclusion of

law.

     26.     The Union neither admits nor denies the allegation as it calls for a conclusion of

law.

     27.     The Union denies the allegation.

     28.     The Union denies the allegation.


## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted because Plaintiff has

failed to allege facts sufficient to support a claim that Local 3 acted in an arbitrary,

discriminatory, or bad faith manner.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust the grievance arbitration process.


## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to file his claim in accordance with the relevant statute of limitations.

WHEREFORE, defendant Union prays that the court dismiss plaintiff's complaint and award costs and such other and further relief as the court deems just and appropriate.

Respectfully submitted,

FIREMEN AND OILERS LOCAL 3,
NCFO, SEIU, AFL-CIO,

By its attorneys,


_____/s/ Ira Sills_____
Ira Sills, Esq., BBO # 462220
Rachel E. Rosenbloom, Esq., BBO # 655318
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208


Dated:  July 22, 2005


## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2005, a copy of the Answers of Defendant National Conference of Firemen and Oilers, Local Union No. 3, SEIU, AFL-CIO in the above-captioned matter was served by first-class mail, postage prepaid, upon counsel for Plaintiff, Frank J. Teague, Esq., One Liberty Square, 4th Floor, Boston, Massachusetts 02109.


_____/s/ Ira Sills_____
Ira Sills, Esq.