# Exhibit C

August 12, 2004

To: Pat Politano

From: Ken Stack

Subject: Employee Suspension

This memo serves to document the investigation being conducted concerning your role in exchanging cleaning services to Krispy Kreme in exchange for free doughnuts and coffee.

On August 10, 2004 it was reported to me that there was an incident on night-shift involving the cleaning company (Janitronics) and Krispy Kereme (a tenant of the Prudential Center/Boston Properties). The initial investigation revealed that you were having the night-shift cleaners clean Krispy Kereme's space in exchange for free doughnuts and coffee. After the nigh-shift manager for Janitronics found out about this, he put an immediate stop to this because cleaning this space is not within their scope of work and they were not insured to work in the Krispy Kreme space. You continued to pressure the night-manager to clean the space for fear of loosing the free nightly doughnuts.

Later that day, I called you at home to notify you of the accusations that are being levied against you. You responded that all of these accusations are false. You also stated that you do not even go into the store or eat their doughnuts. I then asked you if there is anything I need to know about this situation and you repeated you statement of innocence. I then told you to stay away from Krispy Kreme so that you remain clean of any possible issues that may arise while this is being investigated.

The next morning, August 11, 2004, the night manager for Krispy Kreme reported that you came to the store again last night, ignoring my instruction to stay away from the store, and continued to pressure her to give you free doughnuts and coffee.

A review of the security tapes show you walking out of the store on numerous occasions with several dozen doughnuts and trays of coffee.

In light of the information that is coming out, I hereby SUSPEND you WITH PAY until further notice while we complete the investigation.

# Exhibit D

---
### JANITRONICS
---

**REPORT OF JOB INCIDENT: Investigation regarding Janitronics employee's being requested to clean non-contractual space at the Prudential Center.**

#### WORKER'S REPORT OF INCIDENT

Date of report  8/10/04                                    No. 1000
Report filled out by    David J. Connolly
                        *Vice President*

1. Worker's name: Jose Luis Pena

2. Worker's position: Manager for the 3rd Shift Sunday - Friday

During an ongoing investigation relative to Janitronics cleaning the servery floor at Krispy Kreme the following information was provided:

On numerous occasions staff members of Krispy Kreme asked the Janitronics staff to clean the open floor areas of the Krispy Kreme store.  Janitronics employees did accommodate this request several times.

Jose Luis Pena, the 3rd shift Manager realized this was happening and met will all janitorial staff concerning this issue.  All staff members were reminded that this type of behavior is in direct violation of our general rules of conduct.  All staff members were instructed to not enter Krispy Kreme to clean or assist in any manner unless directed by Jose Luis Pena.

Several times after this meeting staff members were approached by Pat Politano to clean the floor for Krispy Kreme in exchange for donuts and coffee.  When this request was denied Pat informed them that they would not get any free donuts.  The janitorial staff continued to deny the request to clean the floor.

Mr. Politano proceeded to request the service be provided by approaching Jose Luis Pena in the Food Court and asking him to have the staff clean the floor.  Jose Luis Pena explained that this floor was not under any contract by Janitronics or Boston Properties and the janitorial staff could be terminated if they obliged his request.  Pat expressed his concern that Krispy Kreme would not continue to provide donuts and coffee on a nightly basis to him or other staff members.  Jose reminded him that this area is not our responsibility and he would not assist in cleaning the area.

No further information is available at this time.

POL002

# Exhibit E



POL009



POL010

# Exhibit F

August 13, 2004

Mr. Ken E. Stack. P.E., CFM
Account Director
Prudential Center
Building Technology Engineers, Inc.
800 Boylston Street
P.O. Box 149
Boston, MA  02199

Dear Mr. Stack,

Since near the beginning of Krispy Kreme opening here at the Prudential Center, Pat has
offered us janitorial services.  As a courtesy, we provided him doughnuts and coffees.
We were unaware of his enforcement to help us clean our floors.

The overnight cleaners stated they did not want to lose their jobs or get in trouble for
providing us with these services.  As soon as this was said, we assured them it was not an
obligation.  Pat insured us that he would get them to still help us clean our floors.  At
times, they still did.

After a period of time, we lowered the amount of complimentary doughnuts for Pat.  The
services to help clean our floors ceased.

If you have any questions, please feel free to contact me at (781) 267-0803.

Sincerely,

Cynthia C. Marmol
Krispy Kreme

POL003

# Exhibit G

# BUILDING TECHNOLOGY ENGINEERS, INC.

**Employee Name:** PASQUALE POLITANO

**Week Ending:** 8/15/ 2004

— # — 312-6997900

**Employee Signature:** Pat Politino

**Date:** 8-15-04    **Approved By:** [signature]    **Date:** 8-16-04    **Page 1 Of 1**

| Earn Cat. | Initials | Job # | Phase | Cost Code | MON ST | MON OT | MON DT | TOTAL HOURS | MON (st/dt) | TUE (st/dt) | WED (st/dt) | THU (st/dt) | FRI (st/dt) | SAT (st/dt) | SUN (st/dt) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| R3 | PRU | 10820319 | O1 | SO01 | 40 | | | 40 | 8 | 8 | 8 | 8 | | 8 | 8 |
| R3 | PRU | 10820319 | O2 | SO02 | | | | | | | | | | | |
| R3 | PRU | 10820319 | O2 | SO03 | | | | | | | | | | | |
| F3 | PRU | 10820319 | O3 | A008 | | | | | | | | | | | |
| H3 | PRU | 10820319 | O3 | A011 | | | | | | | | | | | |
| S3 | PRU | 10820319 | O3 | A012 | | | | | | | | | | | |
| V3 | PRU | 10820319 | O3 | A013 | | | | | | | | | | | |

**TOTALS** 40 | 40 | 8 | 8 | 8 | 8 | | 8 | 8

| | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| REG In Out | | | | | | | |
| OT In Out | | | | | | | |

POL113

# Exhibit H

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PASQUALE S. POLITANO,
     Plaintiff,

    v.

CIVIL ACTION NO. 05-11109-WGY

BUILDING TECHNOLOGY
ENGINEERS, INC. and NATIONAL
CONFERENCE OF FIREMEN AND
OILERS, SEIU, LOCAL UNION NO. 3
OF BOSTON,
     Defendants.

## DEFENDANT BUILDING TECHNOLOGY ENGINEERS, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Building Technology Engineers, Inc. ("BTE") responds or objects to

Plaintiff's interrogatories as follows:

Interrogatory No. 1.

    State the name, business address and job title with BTE of the person answering

these interrogatories.

**Response to Interrogatory No. 1:**

**Paul Asmar, Vice President of Operations, Building Technology Engineers, Inc.**

  **306 Northern Ave., Boston, MA 02205**

**Scott Larner, Director of Human Resources, EMCOR Facilities Services, Inc.**

  **320 South 23rd St., Arlington, VA 22202**

DC\558005\1

<u>Interrogatory No. 2</u>

Please state whether or not any covered employees under the Collective Bargaining Agreement between BTE and Defendant National Conference of Firemen and Oilers, SEIU, Local Union No. 3 of Boston ("Local No. 3"), other than Plaintiff Pasquale S. Politano, were removed from the Prudential Complex site at the request of Boston Properties Limited Partnership or its predecessors between January 1, 1999 and the present.

**Response to Interrogatory No. 2:**

**Yes.**

<u>Interrogatory No. 3</u>

If your answer to the preceding interrogatory is in the affirmative, please state:

(a)     The name of each covered employee so removed;

(b)     The date of such removal;

(c)     The reason given by Boston Properties Limited Partnership and/or BTE for such removal;

(d)     Whether or not the said employee was assigned to another job site at BTE and, if so, the name and address of the job site, and date of assignment; and

(e)     Whether Local No. 3 filed a grievance with BTE concerning the said covered employee's removal from the site.

(f)     If the answer to subpart (e) above is in the affirmative, state the outcome of each such grievance.

DC\558005\1

**Response to Interrogatory No. 3:**

**The only other person of whom Defendant BTE is presently aware who was a member of Local 3 and who Boston Properties requested be removed from the Prudential Complex is <u>Boyd Fulton</u>. The request to remove Mr. Fulton was made in mid-February, 2001. The reason for the removal request was that Mr. Fulton was observed sitting, and later lying, on the sofa watching television in a tenant's reception area. Accordingly, Mr. Fulton was removed from the Prudential Complex. Because there was no other BTE job available to which Mr. Fulton could be reassigned, he was placed on layoff which entitled him to apply for open jobs. He filed a grievance alleging wrongful termination. At the grievance proceeding, it was explained by the Company that he had been placed on layoff status as the result of the removal request and he was given information about open positions. The matter was not arbitrated.**

<u>Interrogatory No. 4</u>

Please state whether or not Kenneth Stack is still employed by Defendant BTE.

**Response to Interrogatory No. 4:**

**He is not currently employed by BTE.**

<u>Interrogatory No. 5</u>

If your answer to the preceding interrogatory is in the negative, please state

(a)    When Kenneth Stack left BTE's employment;

(b)    The reason Kenneth Stack left BTE's employment; and

(c)    The last known home and business addresses of Kenneth Stack.

**Response to Interrogatory No. 5:**

**He voluntarily resigned effective September 2, 2005, from BTE to join another**

DC\558005\1

Dated: March 22, 2006

Respectfully submitted,

Gerald S. Hartman D.C. Bar No. 168484
Gregory W. Homer D.C. Bar No. 291922
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, DC 20005
202-842-8800

Vincent F. O'Rourke, Jr. BBO# 380335
Bowditch & Dewey
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
508- 926-3424

Attorneys for Defendant BTE

DC\558005\1

# VERIFICATION

**State of Virginia** )

)

**County of Arlington**)

I, _SCOTT LARNER_, being first duly sworn, certify on behalf of

Building Technology Engineers, Inc. ("BTE") that the foregoing answers to Plaintiff

Politano's first set of interrogatories are true to the best of my knowledge, information

and belief. The foregoing responses were prepared with the assistance and advice of

counsel and employees of BTE upon whose advice and information I rely in making this

certification. I am duly authorized to sign this verification on behalf of BTE.

Signature: _____

Name printed: _SCOTT LARNER_

Title: _DIRECTOR OF NR_

Subscribed and sworn to before me this _9th_ day of _MAY_, 2006.

_____
Notary Public

My Commission expires: _2/28/2010_